## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANNETTE CORTES JIMENEZ,**

      **Plaintiff,**

**v.**                                                  **Case No.  8:24-cv-2509-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,[1]**

      **Defendant.**
_____/

## ORDER

Annette Cortez Jiminez requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act (SSA), 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda the parties submitted, the Commissioner's decision is **AFFIRMED**.

## I.  PROCEDURAL HISTORY

On February 19, 2021, Ms. Jiminez applied for DIB benefits, alleging a

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit.

disability onset date of March 1, 2020. (Tr. 163–69). Ms. Jiminez's claim was denied initially and on reconsideration. (Tr. 76–94). Ms. Jiminez requested a hearing before an ALJ, which was held on March 7, 2024. (Tr. 33–75). On April 30, 2024, the ALJ found Ms. Jiminez not disabled and issued an unfavorable decision. (Tr. 17–26). The Appeals Council denied Ms. Jiminez's request for review on August 26, 2024, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Ms. Jiminez now requests review of the ALJ's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Ms. Jiminez was 58 years old on the alleged onset date and 62 years old on the date of the ALJ's decision. (Tr. 163). Ms. Jiminez completed two years of college and has past relevant work experience as a hair stylist and a vocational training teacher. (Tr. 26, 44–46, 203–04).

### B.    Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

activity,[3] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

Ms. Jiminez engaged in substantial gainful activity during the last period of 2022 and all of 2023. (Tr. 19). However, there was a continuous 12-month period that Ms. Jiminez did not engage in substantial gainful activity, and the ALJ's decision addresses this period (from Ms. Jiminez's alleged onset

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

date, March 1, 2020, through September 30, 2022). (Tr. 20). The ALJ found Ms. Jiminez had these severe impairments: mild lumbar stenosis, cervical disc impairment, fibromyalgia, osteoarthritis of the knees and shoulder, benign essential tremors, and obesity. (*Id.*). However, the ALJ concluded Ms. Jiminez's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 22).

The ALJ found Ms. Jiminez had an RFC to perform light work, except[4]

> [Ms. Jiminez] can lift/carry twenty pounds occasionally and ten pounds frequently; [s]he can stand/walk about six hours and sit for about six hours during an eight-hour workday with the normal and customary breaks; she must avoid climbing ladders, ropes or scaffolds; she can occasionally climb stairs; she can frequently balance; she can occasionally stoop, kneel, and crouch; she cannot crawl; she can frequently reach, finger and handle bilaterally; she must avoid concentrated exposure to industrial hazards.

(*Id.*). Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Jiminez could perform her past relevant work as a hair stylist and vocational training teacher. (Tr. 26). As a result, the ALJ concluded Ms. Jiminez was not disabled. (*Id.*).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

## III.   ANALYSIS

### A.      Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issue on Appeal

Ms. Jiminez argues that the ALJ's RFC limitation of frequent handling and fingering did not adequately address her essential tremor.[5] (Doc. 17, pp. 3–5). Ms. Jiminez contends that because of this, the ALJ erred in relying on the VE's testimony as it was in response to an incomplete hypothetical. (*Id.*). In response, the Commissioner contends Ms. Jiminez's argument is meritless because the ALJ's RFC limitation for a range of light work with frequent handling and fingering is supported by substantial evidence and appropriately accommodates Ms. Jiminez's essential tremor. (Doc. 19, pp. 5–11).

After considering the evidence of record, the ALJ limited Ms. Jiminez to light work with frequent handling and fingering bilaterally. (Tr. 22). In support of this limitation, the ALJ notes Ms. Jiminez's benign essential tremor was treated with medication and repeatedly yielded unremarkable examination findings, including range of motion in the joints, muscle strength, and intact dexterity. (Tr. 24, 1154–1304). Ms. Jiminez initially complained of a neck

---

[5] Ms. Jiminez did not raise any other issues on appeal. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *see also Outlaw v. Barnhart*, 197 F. App'x 825, n.3 (11th Cir. 2006) (holding that a claimant in a Social Security appeal waived an issue because he did not elaborate on his assertion of error)

tremor to a chiropractor in December 2020. After two visits, Ms. Jiminez's neck tremors were "diminished markedly," and no other tremors were noted. (Tr. 960–74). Throughout 2021, while head titubation secondary to benign essential type tremor in the neck was noted, no tremor of the hands was observed. (Tr. 1175–1202). Although Ms. Jiminez reported some difficulty doing her job in late 2022, no tremors were observed upon examination. (*See* Tr. 184, 1405–11, 1781-82). Indeed, Ms. Jiminez's coordination was repeatedly documented as "normal." (*See* Tr. 542, 550, 618, 628, 658, 664, 684, 691, 697, 703, 709, 740, 750, 1186, 1195, 1231, 1241, 1271, 1277, 1297, 1304, 1310).

In reaching his RFC determination, the ALJ considered the administrative medical findings of Prianka Gerrish, M.D., and Thomas Bixler, M.D., both of whom found Ms. Jiminez capable of frequently reaching overhead and handling bilaterally. (Tr. 25–26, 82, 91). The ALJ also considered Ms. Jiminez's allegations that she was unable to work due to tremors, but balanced her testimony with the unremarkable objective medical findings. (Tr. 23, 49).

Ms. Jiminez argues that she cannot perform her past work as a hair stylist due to her tremors. Specifically, Ms. Jiminez states that "occasional deficits" in "motor coordination" would preclude her from working as a hair stylist. Ms. Jiminez does not explain how a deficit in "motor coordination"

would constitute a vocational limitation.[6] (Doc. 17, p. 3). The Dictionary of Occupational Titles (DOT) does not define this term. However, the SSA defines disorganization of motor function in the upper extremities, including use of the fingers, wrists, hands, arms, and shoulders. 20 C.F.R. pt. 404, subpt. P, app. 1 § 11.00(D)(1). Examples include pinching, manipulating, using fingers, handling, gripping, grasping, holding, turning, and reaching. *Id.* at § 11.00(D)(2)(c). Thus, Ms. Jiminez's definition of "motor coordination" qualifies as handling and fingering as defined in the DOT. Importantly, Ms. Jiminez's "coordination" is repeatedly observed as normal throughout the record (*See* Tr. 542, 550, 618, 628, 658, 664, 684, 691, 697, 703, 709, 740, 750, 1186, 1195, 1231, 1241, 1271, 1277, 1297, 1304, 1310).

The ALJ also found Ms. Jiminez could perform her past relevant work as a vocational training teacher. The VE testified that even if the same hypothetical individual described in the RFC were limited to occasional handling and fingering, the vocational instructor job would remain. (Tr. 74). Although Ms. Jiminez argues that the VE "cited the wrong occupation from the [DOT]," in evaluating past relevant work, the administration routinely relies on the opinions of VEs. (Tr. 26, 44–46, 67–68); *See* 20 C.F.R. § 404.1560(b)(2). Prior to the VE testifying, Ms. Jiminez's counsel stipulated to the VE's

---

[6] Indeed, Ms. Jiminez does not cite to legal authority to support her argument, other than attaching DOT job descriptions. (*See* Doc. 17, pp. 3–5).

qualifications as an expert. (Tr. 38, 329–30). A vocational training teacher involves (DOT 094.227-026) light and skilled work with a specific vocational preparation of seven. (Tr. 45); *See* DICOT 094.227-026, 1991 WL 646909. The DOT job description states, the vocational teacher "may instruct students in one or more vocational skills, such as woodworking, building maintenance, cosmetology, food preparation, gardening, sewing, or nurse aiding." (Doc. 17-2).

After classifying Ms. Jiminez's past work, the ALJ asked Ms. Jiminez's administrative counsel if she had "any questions regarding that?" to which he responded, "[n]o questions, Your Honor." (Tr. 46). Following the hearing, the ALJ agreed to leave the record open to submit a brief and an employer statement, if appropriate. (Tr. 40, 74–75, 331). On March 19, 2024, Ms. Jiminez's counsel submitted a statement from her employer regarding the nature of Mr. Jiminez's employment. (Tr. 332–34). However, Ms. Jiminez's counsel did not submit a post-hearing brief or make any post-hearing arguments about the VE's classification of Ms. Jiminez's past work, including as a vocational training teacher. (Tr. 161–62). The ALJ did not err in relying on the VE's testimony classifying Ms. Jiminez's past work as a vocational training teacher.

This court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. In reviewing

9

disability cases, courts should "defer[] to the presiding ALJ, who has seen the hearing up close." *Biestek,* 587 U.S. at 108. The relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005))). The ALJ considered the entire record and provided substantial evidence supporting his assessment of Ms. Jiminez's manipulative limitations. (Tr. 22–26); *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."). Substantial evidence supports the ALJ's RFC assessment, including Ms. Jiminez's ability for frequent handling and fingering. Thus, the hypothetical question posed to the VE was proper.

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**, the Clerk is directed to enter judgment in favor of the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on October 9, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge